# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

PARSHA FLOYD,

    Petitioner,

VS.

BRIAN OWENS,
Commissioner,

    Respondent.

7 : 10-CV-143 (HL)

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed (Doc. 11). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was signed on November 24, 2010, and filed on December 6, 2010 (Doc. 2).

On March 30, 2007, Petitioner entered a guilty plea to armed robbery and kidnapping. Petitioner received a sentence of eleven years imprisonment for each offense, to run concurrently. On June 5, 2008, Petitioner filed a state habeas petition in the Superior Court of Coffee County challenging the conviction (Doc. 14-1). His petition was denied, and Petitioner filed an application for a certificate of probable cause to appeal, which was denied on March 2, 2010 (Docs. 14-2; 14-6).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-

conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

Petitioner did not file a direct appeal of his guilty plea, making the judgment of conviction final on April 30, 2007[1], the date on which the 30-day period for filing a notice of appeal expired.[2] Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file his state habeas petition by April 30, 2008 to toll the limitations period. Petitioner did not file a state habeas petition until June 5, 2008 (Doc. 14-1), which was more than one month after Petitioner's federal habeas period of limitations ran. The tolling provision of § 2244(d)(2) therefore does not protect Petitioner. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011). As Petitioner failed to file a habeas petition until more than one year after his conviction was final, his federal habeas Petition is untimely.

Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 18th day of April, 2011.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf

---

[1] The thirty (30) day time period expired on Sunday, April 29, 2007, giving Petitioner until April 30, 2007 to file his appeal.

[2] Although Georgia law does not provide an absolute right to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, had Petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-38.